UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JUDITH ZISSA, on behalf of herself and all others similarly situated,

   Plaintiff,

  v.

COUNTY OF LOS ANGELES,

   Defendant.

Case No.: CV 18-10174-CJC(JDEx)

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES [Dkt. 16]**

## I.  INTRODUCTION & BACKGROUND

On December 6, 2018, Plaintiff Judith Zissa filed this putative collective action against Defendant County of Los Angeles alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*  (Dkt. 1 [Complaint].)  Plaintiff has worked as a Children's Social Worker ("CSW") for the Los Angeles Department of Children and Family Services ("DCFS") since September 2014.  According to Plaintiff, DCFS fails to

-1-

compensate CSWs for their total hours worked and fails to pay them overtime in violation of the FLSA.

On January 1, 2019, Defendant filed an answer that raises eleven affirmative defenses: (1) failure to state a claim, (2) statute of limitations, (3) failure to comply with employer instructions, (4) good faith and reasonableness, (5) estoppel, (6) waiver, (7) unclean hands, (8) immunity, (9) home rule doctrine, (10) liquidated damages, and (11) prejudgment interest.  (Dkt. 11.)  Before the Court is Plaintiff's motion to strike Defendant's first, fourth, fifth, sixth, seventh, eighth, ninth, tenth, and eleventh defenses. (Dkt. 16-1 [hereinafter "Mot."].)  For the following reasons, Plaintiff's motion is **GRANTED IN PART**.[1]

## II.  DISCUSSION

As a threshold matter, Defendant agrees to withdraw its first (failure to state a claim), eighth (immunity), ninth (home rule doctrine), and eleventh (prejudgment interest) affirmative defenses "in the interest of streamlining the litigation."  (Dkt. 17 [Def.'s Opp'n] at 5.)  Plaintiff moves to strike the remaining fourth, fifth, sixth, seventh, and tenth affirmative defenses as insufficiently pled under Federal Rule of Civil Procedure 12(f).

Under Rule 12(f), the Court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for March 18, 2019, at 1:30 p.m. is hereby vacated and off calendar.

prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). When determining whether to strike an affirmative defense as insufficiently pled, the "key" is whether it "gives plaintiff fair notice of the defense." *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

Before 2007, the "fair notice" standard was relatively low. *See Conley v. Gibson*, 355 U.S. 41, 45–46 (1957) (holding that a claim is adequately alleged unless "it appeared beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief"). In *Bell Atlantic v. Twombly*, however, the Supreme Court adopted a heightened pleading standard that requires a plaintiff to allege "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 554, 569 (2007). Because the Ninth Circuit has not yet ruled on the issue, district courts in this circuit have been left to decide whether *Twombly*'s heightened pleading standard extends to affirmative defenses. The Court follows the majority of courts in this circuit in holding that it does. *See, e.g.*, *Jansen v. Travelers Commercial Ins. Co.*, 2017 WL 607610, at *1 (N.D. Cal. Feb. 15, 2017); *Espitia v. Mezzetti Fin. Servs., Inc.*, 2019 WL 359422, at *3 (N.D. Cal. Jan. 29, 2019); *Vogel v. Huntington Oaks Del. Partners*, LLC, 291 F.R.D. 438, 441 (C.D. Cal. 2013).

Plaintiff asserts that Defendant's fourth, fifth, sixth, seventh, and tenth affirmative defenses fail to provide adequate notice of the basis for each defense. The Court agrees. In its fifth (estoppel) defense, Defendant states that "plaintiff is estopped by her conduct from recovering any relief" but fails to specify what theory of estoppel applies. Similarly, Defendant's sixth (waiver) defense states that "Plaintiff has waived any right to recovery" but fails to assert any basis for waiver. Defendant's seventh (unclean hands) defense merely alleges that Plaintiff's claims are barred by the doctrine of unclean hands. Defendant's fourth (good faith and reasonableness) defense alleges only that Defendant acted in good faith and believed its actions were in compliance with the FLSA.

Defendant's tenth (liquidated damages) defense states that Plaintiff is not entitled to liquidated damages merely because "Defendant did not act or fail to act in a manner sufficient to give rise to liquidated damages liability."  Such boilerplate recitations are not sufficient to put Plaintiff on fair notice of the basis of each affirmative defense.  *See Hernandez v. Cty. of Monterey*, 306 F.R.D. 279, 285 (N.D. Cal. 2015) (stating that "the burden is on the *defendant* to proffer sufficient facts and law to support an affirmative defense, and not on the plaintiff to gamble on interpreting an insufficient defense in the manner defendant intended" (citation omitted) (emphasis in *Hernandez*)).

While the Court agrees the fourth, fifth, sixth, seventh, and tenth affirmative defenses are insufficiently pled, it is not convinced that there is "no set of circumstances" under which they could succeed.  *See RDF Media Ltd. v. Fox Broad.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005) (holding that before striking a claim or defense, the court must be "convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed").  Further, courts recognize that defendants in collective actions often lack sufficient information at this stage to provide detailed allegations as to putative members. *See, e.g., O'Sullivan v. AMN Servs., Inc.*, 2012 WL 2912061, at *8 (N.D. Cal. 2012) (noting "the difficulty of alleging affirmative defenses in a purported class action, where facts may be unavailable as to putative class members prior to discovery"); *Barnes v. AT&T Pension Ben. Plan–Nonbargained Program*, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010).  Accordingly, the Court strikes Defendant's fourth, fifth, sixth, seventh, and tenth defenses with leave to amend.[2]

---

[2] Plaintiff failed to meet and confer with Defendant, in violation of Local Rule 7-3.  *See* L.R. 7-3 (requiring "counsel contemplating the filing of any motion [to] first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion").  Had Plaintiff done so, she would have learned that Defendant agreed to withdraw four of the affirmative defenses she now moves to strike.  The Court reminds Plaintiff to avoid wasting judicial resources on matters that can be resolved outside of court.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff's motion to strike is **GRANTED IN PART**. The Court does not address Plaintiff's arguments as to the first, eighth, ninth, and eleventh affirmative defenses in light of Defendant's decision to withdraw them. The Court strikes the fourth, fifth, sixth, seventh, and tenth affirmative defenses with **THIRTY DAYS' LEAVE TO AMEND**.

DATED:     March 7, 2019

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE