Carolyn Hunt Cottrell (SBN 158253)
Ori Edelstein (SBN 268145)
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile:  (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com

Attorneys for Plaintiff and the Putative Collective

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH ZISSA, individually and on behalf of all others similarly situated, | Case No.: 2:18-cv-10174-CJC-JDE |
| Plaintiff, | **JOINT RULE 26(f) REPORT** |
| vs. | |
| COUNTY OF LOS ANGELES, a legal subdivision of the State of California, | Judge: Honorable Cormac J. Carney<br>Complaint filed: December 6, 2018 |
| Defendant. | |

:

-i-

SMRH:489610341.1

RONDA D. JAMGOTCHIAN (Cal. Bar No. 200236)
rjamgotchian@sheppardmullin.com
PAUL BERKOWITZ (Cal. Bar No. 251077)
pberkowitz@sheppardmullin.com
MICHAEL T. CAMPBELL (Cal. Bar No. 293376)
mcampbell@sheppardmullin.com
MICHAELA R. GOLDSTEIN (Cal. Bar No. 316455 )
mgoldstein@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:   310.228.3700
Facsimile:    310.228.3701

Attorneys for Defendant County of Los Angeles

-1-

1    Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and the

2  Court's Notice of Intent (Dkt. No. 13), dated January 25, 2019, Plaintiff Judith Zissa,

3  individually and on behalf of all others similarly situated ("Plaintiff"), and Defendant

4  County of Los Angeles ("Defendant") submit this Joint Rule 26(f) Report.

5    **1.  Jurisdiction and Service**

6    Plaintiff filed this case in the Central District of California. The parties agree

7  that the venue is proper, that the Court has personal jurisdiction over all known

8  parties, and that all known parties have been served.

9    **2.  Nature and Basis of Claims and Defenses**

10    **a.  Plaintiff's Statement**

11    Plaintiff brings this collective action on behalf of herself and other similarly

12 situated individuals who worked for Defendant as non-exempt employees, including

13 but not limited to Children's Social Workers ("CSWs") at all levels and Children's

14 Social Worker Trainees, to challenge Defendant's violations of the Fair Labor

15 Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

16    Plaintiff and members of the putative Class and Collective are current and

17 former CSWs who have worked for the County of Los Angeles, Department of

18 Children and Family Services ("DCFS"). They work tirelessly to make sure that

19 children are safe in Los Angeles County. They investigate allegations of abuse,

20 develop case plans to ensure that children are safe in their homes, monitor children

21 and families to ensure health, safety, and compliance with case plans, arrange and

22 facilitate placements outside the home, supervise parental interactions, and complete

23 paperwork, case notes, and court reports.

24    Plaintiff and members of the putative Collective work long hours performing

25 these important duties. They are scheduled to work 40 hours per week, but they often

26 work up to 50 hours per week and even more. Caseloads are assigned on operational

27 needs, and not on a realistic assessment of how much work a CSW can handle. The

28

-1-

SMRH:489610341.1

1  burdens of the heavy caseloads are magnified by the important and sensitive nature of

2  the work. Plaintiff and members of the putative Collective are required to deal with

3  emergency situations in the field in which children's safety is at issue. Other, more

4  routine, visits with families take place outside of scheduled work hours, including on

5  weekends. Los Angeles-area traffic invariably increases time spent in the field,

6  traveling between home visits. Required court reports and case notes are finished at

7  night and on the weekends.

8          At the same time, DCFS maintains and enforces strict deadlines and

9  productivity requirements. CSWs are required to complete all visits with assigned

10 children and families and documentation within certain timeframes. Moreover, DCFS

11 cases are often tied to court proceedings, and reports and other court filings must be

12 made within legally required deadlines. If DCFS misses the deadline, the Department

13 may be sanctioned by the court. DCFS then places the blame on the assigned CSW,

14 noting the sanction in their personnel file and using it against the CSW in

15 performance evaluation and promotion decisions. If the CSW does not meet the

16 productivity standards, or if they miss deadlines, they face write-ups and other

17 repercussions, up to termination.

18         Faced with the demands of heavy caseloads, providing the required level of

19 support to children, DCFS's productivity requirements, and rigid deadlines, CSWs

20 routinely work more than their scheduled hours. However, DCFS and its managers

21 make it impossible for CSWs to obtain pay for the extra work. As a general rule,

22 overtime must be pre-approved by the CSW's manager. The CSW must complete a

23 County form and obtain manager approval before working the extra time. However,

24 the process is time-consuming and cumbersome, and requests are met with refusals

25 and resistance from DCFS.

26         DCFS managers regularly refuse overtime requests by asking that CSWs "flex"

27 their time – working more than their scheduled hours when they have a heavy

28

-2-

SMRH:489610341.1

1  workweek, and making up for it by working less than their scheduled hours in other

2  weeks. If they request overtime, CSWs are questioned and even belittled by DCFS

3  managers for not completing the job within the scheduled hours. Due to budgetary

4  concerns, overtime hours are closely scrutinized, managers are evaluated on their

5  ability to cut down overtime, and requests for overtime are widely disfavored. CSWs

6  fear negative repercussions for simply requesting overtime pre-approval. As a result

7  of these policies, practices, and procedures, DCFS denies, discourages and suppresses

8  CSW requests for overtime pre-approval.

9          Moreover, work beyond scheduled hours cannot always be predicted, and the

10  required approval often cannot be obtained in advance. CSWs work with children and

11  families, and the real-life needs of these community members do not adhere to a

12  standard work schedule. The CSWs' work is dynamic and unpredictable, and DCFS

13  requires CSWs to work at any time necessary to get the job done, including on nights

14  and weekends. CSWs work on an emergency basis to evaluate and monitor children,

15  arrange alternative placements when necessary, and perform numerous other services

16  to ensure that kids are safe. Visits go longer than planned, especially when families

17  are in trouble. However, DCFS policy and practice is to deny overtime requests

18  submitted after the work has been completed on the very basis that the request was

19  not submitted for pre-approval. The CSWs also face being written up for working

20  overtime that was not pre-approved pursuant to DCFS policy. Again, managers

21  disfavor these requests and CSWs fear what will happen if they make them. As a

22  result of these policies, practices, and procedures, DCFS denies, discourages and

23  suppresses CSW requests for overtime approval after the work has been completed.

24          With the countervailing pressures of heavy caseloads, providing the required

25  level of support, DCFS's productivity requirements, and rigid deadlines on the one

26  hand, and DCFS' denial, discouragement, and suppression of CSW requests for

27  overtime approval on the other hand, the CSWs work extra hours to perform their

28

-3-

SMRH:489610341.1

1  jobs at the required level and are unable to obtain payment for the extra time. DCFS

2  is long aware that the CSWs work more than their scheduled hours but are unable to

3  claim and obtain pay for all hours worked. Nonetheless, DCFS requires, suffers

4  and/or permits Plaintiff and members of the putative Collective to work off-the-clock

5  and without proper overtime compensation.

6          As a result of these policies, practices, and procedures, Plaintiff and members

7  of the putative Collective are not paid for all hours worked and not paid proper

8  overtime in violation of the FLSA. DCFS requires, suffers and/or permits Plaintiff

9  and members of the putative Collective to work in excess of 40 hours per week, but

10  fails to provide a realistic and feasible means of obtaining pay for the extra work. As

11  these unpaid hours are typically worked in excess of 40 hours per week, they should

12  be paid at overtime rates under the FLSA.

13          As a result of these violations, Plaintiff seeks compensation, damages,

14  penalties, and interest to the full extent permitted by the FLSA. Plaintiff seeks full

15  compensation on behalf of herself and all others similarly situated for all unpaid

16  wages, including overtime. Plaintiff also seeks declaratory, equitable, and injunctive

17  relief, including restitution. Finally, Plaintiff seeks reasonable attorneys' fees and

18  costs under the FLSA, as described herein.

19          **b. Defendant's Statement**

20          The County of Los Angeles ("the County" or "Defendant") denies Plaintiff's

21  allegations in their entirety.  The Los Angeles County Department of Children and

22  Family Services ("DCFS") is a department of the County.  DCFS' mission statement

23  is to improve child safety, permanency, and access to effective and caring service for

24  children in Los Angeles County.  Children's Social Workers ("CSWs") are a part of

25  DCFS and are generally responsible for the supervision and placement of minors in

26  need of protective services due to physical and/or sexual abuse, neglect, or

27  exploitation.   To carry out their job duties, CSWs perform a variety of work both in

28

-4-

SMRH:489610341.1

1  the office and in the field including home visits, investigations, and preparing reports

2  concerning the same.

3       Pursuant to the County's wage and hour policies and practices, the County

4  strictly prohibits off-the-clock work.  CSWs are required to accurately report all of

5  their time worked in the County's electronic timekeeping system.  The County

6  regularly trains CSWs and supervisors on the timekeeping system and its relevant

7  policies.  Furthermore, the County compensates CSWs for all time worked and

8  reported in accordance with state and federal law.  Although all non-emergent

9  overtime is supposed to be approved by a supervisor in advance, when emergent (i.e.,

10  emergency) overtime is worked and the CSW cannot obtain prior written or verbal

11  approval from a supervisor, the CSW is supposed to seek and obtain appropriate

12  supervisory and management approval no later than the following work day.

13  However, if a CSW works overtime without obtaining pre-approval he or she is still

14  compensated for all time worked and reported.  The evidence will demonstrate that

15  CSWs routinely work and report overtime, and some receive tens of thousands of

16  dollars in overtime compensation each year during the relevant time period.

17       In addition to the merits (or lack thereof) of Plaintiff's FLSA claim,

18  individualized issues as to whether CSWs worked off-the-clock in violation of the

19  County's lawful wage and hour policies and practices will predominate and preclude

20  collective status here.  See Reed v. County Of Orange, 266 F.R.D. 446, 449-50 (C.D.

21  Cal. 2010) (Carney, J.) (decertifying FLSA off-the-clock collective action because

22  the evidence demonstrated that job responsibilities and overtime reporting depended

23  heavily on each plaintiff's assignment and supervisor); Lockhart v. County of Los

24  Angeles, 2012 WL 12883896, at * 2 (C.D. Cal. Aug. 6, 2012) (decertifying FLSA

25  off-the-clock collective action because of the wide variations in the plaintiff's

26  claims); Ordonez v. Radio Shack, Inc., 2013 WL 210223, *8-9 (C.D. Cal. Jan. 17,

27  2013) ("Plaintiff offers insufficient evidence that any alleged off-the-clock work was

28

SMRH:489610341.1

1    due to a standardized employment practice, rather than a product of the vagaries of

2    the store an employee worked in, the time of year, or the manager who was in

3    charge."); <u>Castle v. Wells Fargo Fin., Inc.</u>, 2008 WL 495705, at *1 (N.D. Cal. 2008)

4    (denying plaintiffs' motion for conditional certification under the FLSA because they

5    did not show that the employer had any company-wide policy or practice to deny

6    overtime and their claims as to why they were denied overtime varied from

7    employee-to-employee).

8    **3.  Legal Issues**

9          **a.  Plaintiff's Statement**

10         Plaintiff contends that this action challenges Defendant's policies and practices

11   of failing to compensate Plaintiff and putative Collective members for all hours

12   worked, including at the appropriate overtime rates, under the FLSA.  The principal

13   legal issues in this case include, but are not limited to, the following:

14      i.  Whether Defendant fails to compensate putative Collective members for all

15          hours worked, in violation of the FLSA;

16     ii.  Whether Defendant has violated and continues to violate the FLSA by not

17          paying the Plaintiff and putative Collective members the required overtime

18          wages;

19    iii.  Whether Defendant has a policy and/or practice of requiring putative

20          Collective members to be in the control of, spend time primarily for the benefit

21          of, and work for Defendant off-the-clock and without compensation;

22     iv.  Whether Defendant's demands that putative Collective members "flex" their

23          time violates the FLSA; and

24      v.  The proper formula for calculating restitution, damages, and penalties owed to

25          Plaintiff and the Collective as alleged herein.

26         **b.  Defendant's Statement**

27

28
                                          -6-

1     The primary legal issues are (1) whether individualized issues predominate

2  here thereby precluding collective action treatment under the FLSA and/or (2)

3  whether the County compensates CSWs for all hours worked and reported in

4  accordance with the FLSA.

5     **4. Complex Case**

6     At this time the parties agree that the action is not a complex case, and that the

7  procedures of the Manual For Complex Litigation should not be utilized.

8     **5. Motion Schedule**

9     One motion has been decided in this matter. Plaintiff filed her Motion to

10  Strike Defendant's Affirmative Defenses Pursuant to Fed. R. Civ. P. 12(f) on

11  February 8, 2019. Dkt. No. 16. Defendant filed its Opposition to the Motion on

12  February 25, 2019. Dkt. No. 17. Plaintiff filed her reply on March 4, 2019. Dkt.

13  No. 18. The Honorable Cormac J. Carney granted the motion in part on March 7,

14  2019, striking Defendant's fourth, fifth, sixth, seventh, and tenth affirmative

15  defenses with thirty days' leave to amend. The Court did not rule on Plaintiff's

16  challenges to Defendant's first, eighth, ninth, and eleventh affirmative defenses, in

17  light of Defendant's representation that it would withdraw these defenses.

18     Plaintiff will file a motion for conditional certification of the Collective

19  pursuant to 29 U.S.C. 216(b). Plaintiff may also file motions for summary

20  judgment or summary adjudication of issues. Plaintiff may submit a motion to

21  bifurcate damages from the issues of collective liability and injunctive relief.

22     Defendant anticipates it will file a motion for summary judgment or partial

23  summary judgment as to Plaintiff's individual claims as well as summary judgment

24  motions as to the claims of additional opt-ins.  Defendant also anticipates it will

25  oppose Plaintiff's motion for conditional certification of the Collective.  And,

26  Defendant anticipates filing an affirmative motion to decertify the Collective at a

27  later date, if necessary.

28

-7-

SMRH:489610341.1

The parties propose that Plaintiff's motion for conditional certification must be filed by June 28, 2019, and that dispositive motions must be filed by December 20, 2019. The relevant motion deadlines are included in the proposed case management schedule at the end of this Report.

**6.  Settlement and ADR**

Plaintiff is amenable to early mediation following the facilitation of collective notice pursuant to 29 U.S.C. § 216(b). Plaintiff is amenable to private mediation with a mutually-agreed mediator.  Defendant is also agreeable to private mediation with a mutually-agreed mediator. The Parties will file the Request: ADR Procedure Selection to accompany this Rule 26(f) Report.

**7.  Amendment of Pleadings**

Defendant may amend its Answer to Plaintiff's Complaint (Dkt. No. 11) depending  on the outcome of Plaintiff's Motion to Strike Defendant's Affirmative Defenses.  The parties do not anticipate any further need to amend their pleadings at this time, but reserve the right to do so should the need for amendment arise in the course of litigation. The parties agree that the deadline to amend the pleadings without seeking leave from the Court should be March 31, 2019, and that after that date, any amendments should be governed by F.R.C.P. 15.

**8.  Disclosures**

The parties have stipulated to exchange their respective initial disclosures by March 27, 2019. The parties confirm that they will comply with their obligations to supplement those disclosures as necessary.

**9.  Discovery Plan**

a)  The parties will serve initial disclosures on or before March 27, 2019. The parties do not anticipate making changes in the timing, form, or requirement for disclosures under Rule 26(a).

-8-

SMRH:489610341.1

1
2
3
4

b) The parties are willing to enter into a stipulated protective order to facilitate the exchange of discovery, should one be necessary. Counsel will meet and confer regarding a stipulated protective order regarding confidential information.

5
6
7
8
9
10
11
12
13
14
15
16
17
18

c) Plaintiff intends to propound written discovery and to take the deposition of witnesses who have knowledge regarding the issues implicated in this lawsuit.  Plaintiff believes that collective discovery, including a collective list and discovery regarding collective policies and practices, is necessary and appropriate not only to prepare for certification but also for establishing liability. Plaintiff does not believe that there is any need to bifurcate discovery between certification and merits issues. It is well-settled that merits-based issues inevitably overlap with certification issues on discovery. *See, e.g., Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 41 (N.D. Cal. 1990) ("Discovery relating to class certification is closely enmeshed with merits discovery, and in fact cannot be meaningfully developed without inquiry into basic issues of the litigation."). As discovery commences, and as issues arise, the Parties will continue to meet and confer regarding discovery.

19
20
21
22

d) Plaintiff intends to serve initial written discovery after the Rule 26(f) conference. Plaintiff will also take depositions of Defendant pursuant to Rule 30(b)(6) during her initial discovery efforts. Plaintiff anticipates additional written discovery and depositions as the case progresses.

23
24
25
26
27

e) Defendant anticipates taking Plaintiff's deposition in the next 60 days, and taking the depositions of any opt-ins at a later date.  Defendant anticipates conducting written discovery concerning Plaintiff's individual claims, and her allegations concerning the County's overtime policies, practices, and procedures.   Prior to a hearing on Plaintiff's anticipated motion for

28

SMRH:489610341.1

conditional certification, discovery should be reasonably limited to certification issues.  Defendant will meet and confer with Plaintiff in good faith concerning discovery issues as they arise.

f) The parties will meet and confer regarding the scope of ESI that is to be preserved and produced, as well as the format of production, if necessary. At this time, the parties do not anticipate any abnormal issues pertaining to the preservation of electronically stored information. The parties reserve their right to object to requests for discovery of ESI on all applicable grounds for objection.

g) At this time, the Parties are not aware of any issues regarding claims of privilege or of protection of trial-preparation materials. The Parties agree to stipulate to a protective order regarding the production and use of confidential information, and will submit that for approval by the Court.

h) At this time, the Parties do not propose any changes in the limitations of discovery imposed by the Federal Rules of Civil Procedure or the local rules.  The Parties anticipate, however, that some alterations to those limits, particularly with regard to the number of depositions permitted by each side, may be necessary in light of the scope of the collective allegations in this matter.  The Parties reserve the right to request any changes to the limitations imposed on discovery by the Federal Rules of Civil Procedure.

i) At this time, the parties do not propose any changes in the limitations of discovery.

j) The Parties propose that the Court set the fact discovery cutoff at January 31, 2020.

k) The parties propose an initial expert disclosure deadline of April 3, 2020, a rebuttal disclosure deadline of April 24, 2020, and an expert discovery

-10-

cutoff of June 5, 2020.

**10. Other References**

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**11. Trial**

Plaintiff has requested trial by jury. Having met and conferred, the Parties agree that it is premature to set a schedule for trial or pretrial proceedings at this time. It is premature to estimate length of trial, as it will depend on the outcome of collective certification motions and motions for summary judgment. The Parties request that the Court schedule a further case management conference within 30 days of the resolution of any dispositive motions, at which time the Parties can set pretrial and trial deadlines.

**12. Other**

The parties have no further proposals for expediting the disposition of this matter at this time.

**13. Proposed Case Schedule**

The parties provide the following summary of the proposed dates in this Report:

| | |
|---|---|
| Deadline for Initial Disclosures | March 27, 2019 |
| Deadline for filing Rule 26(f) Report | March 13, 2019 |
| Deadline for amendment of pleadings | March 31, 2019 |
| Deadline for Plaintiff to file Motion for Conditional Certification | June 28, 2019 |
| Deadline for dispositive motions | December 20, 2019 |
| Fact discovery cutoff | January 31, 2020 |
| Deadline for initial disclosure of experts and their reports | April 3, 2020 |

-11-

| Deadline for disclosure of rebuttal experts | April 24, 2020 |
| Expert discovery cutoff | June 5, 2020 |

Respectfully submitted,

Dated: March 11, 2019

/s/ *Carolyn Hunt Cottrell*
Carolyn Hunt Cottrell
Ori Edelstein
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP

Attorneys for Plaintiff and the Putative
Collective

Dated: March 11, 2019

/s/ *Michael T. Campbell*
Ronda D. Jamgotchian
Paul Berkowitz
Michael T. Campbell
Michaela R. Goldstein
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP

Attorneys for Defendant County of Los Angeles

-12-

SMRH:489610341.1

## SIGNATORY ATTESTATION

The e-filing attorney hereby attests that concurrence in the content of the foregoing document and authorization to file the foregoing document has been obtained from the other signatory indicated by a conformed signature (/s/) within the foregoing e-filed document.

Dated: March 11, 2019          /s/ *Carolyn Hunt Cottrell*
                                        Carolyn Hunt Cottrell

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court, Central District of California, by using the Court's CM/ECF system on March 11, 2019. Service will be accomplished by the Court's CM/ECF system.

Dated: March 11, 2019          /s/ *Carolyn Hunt Cottrell*
                                        Carolyn Hunt Cottrell

-13-

SMRH:489610341.1